869 F.2d 1493
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rhandie SMITH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1531.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1989.
 
 Before KENNEDY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Rhandie Smith applied to the district court for review of a decision of the Secretary of Health and Human Services denying social security disability benefits. Mr. Smith argued that there was not substantial evidence to support the Secretary's determination that he can perform medium work. The magistrate to whom the matter was referred accepted Mr. Smith's argument, but the district judge did not. We are not satisfied that the denial of benefits should be sustained, and we shall remand the case for further consideration.
 
 
 2
 * Rhandie Smith was laid off from his job as a telephone booth installer in July 1983 because he was physically unable to continue working. Mr. Smith tried to return to work in 1984, but he could not perform his duties because of shortness of breath. He had previously worked as a laborer in a paper mill and as a delivery truck driver. All of these positions required him to lift weights of up to 100 pounds and carry heavy objects for significant distances.
 
 
 3
 At the time of the hearing before the ALJ, Mr. Smith lived with his wife and 18-year-old child. He was able to take care of his own daily needs. He testified that he watches television, feeds and sometimes walks the dog, and occasionally plays cards. He claims to be unable to walk more than one block without feeling severely short of breath. Despite medical advice that he quit smoking, Mr. Smith continues to smoke one and one-half packs of cigarettes a day.
 
 
 4
 Mr. Smith left school before finishing the third grade. When asked by the administrative law judge if he could read and write, he replied
 
 
 5
 "Very little. I can barely read my name. INAUDIBLE if it's printed out. If it's written I can't hardly read it."
 
 
 6
 He testified that he could not read a newspaper and that he could read
 
 
 7
 "[v]ery few work orders. If they printed them out.... If it's printed out I can read some of them. Some of them I can't make the words out. If it's very few I can."
 
 
 8
 Mr. Smith testified that he "had to have help" filling out his application for a driver's license and that he had difficulty with the eye test, not because he could not see the letters, but because he "didn't know them."
 
 
 9
 Mr. Smith has been hospitalized for his condition on several occasions. In September 1984, he spent four days at Seaway Hospital. The examining physician noted that "[h]eart and lungs showed inspiratory wheezes and scattered rhonchi" and that "[c]hest x-ray showed chronic obstructive lung disease." He was discharged in satisfactory condition and instructed "to resume normal activities as tolerated."
 
 
 10
 Mr. Smith spent another six days in the hospital in December 1984, complaining of persistent chest pain and shortness of breath. He was again discharged in satisfactory condition and instructed "to resume normal activities as tolerated." A consulting physician made similar findings and noted that the patient's "pain did not seem to be brought on by exertion, but rather occurred at rest." Mr. Smith returned to the emergency room on Christmas Day, 1984, with difficulty breathing. The attending physician diagnosed the problem as "hyperventilation syndrome" and wrote that after Mr. Smith had been "given a bag to breathe with and some reassurances all this helped completely resolve his symptoms." Mr. Smith returned to his treating physician for an office visit in February 1985. The physician's report prepared after that visit contains little new information but summarizes a history of emphysema going back to 1976.
 
 
 11
 Mr. Smith applied for social security disability insurance benefits and supplemental security income in December of 1984. The applications were denied initially and on reconsideration. At the claimant's request, a hearing was held before an administrative law judge. The ALJ found that Mr. Smith retained the residual functional capacity to do medium work and applied grid rule 203.18 (20 C.F.R. Part 404, Subpart P, App.2), which says that a person "closely approaching advanced age," with "limited or less" education, unskilled or no previous work experience, and a residual functional capacity limited to medium work, is not disabled. The Appeals Council denied review, allowing the ALJ's decision to become the final decision of the Secretary.
 
 
 12
 Mr. Smith sought review of the Secretary's decision in the district court, and the matter was referred to a United States Magistrate. The magistrate recommended that the case be remanded for further findings of fact. The district court rejected the magistrate's report and recommendation and entered summary judgment for the Secretary, finding that the Secretary's decision was based on "competent, substantial evidence on the entire record." This appeal followed.
 
 II
 
 13
 It is undisputed that Mr. Smith's impairment did not meet or equal any of the listed impairments and that he was unable to do the type of heavy work he had previously performed. The ALJ's determination of Mr. Smith's residual functional capacity was therefore the critical determination. If the ALJ had found Mr. Smith's residual functional capacity limited to light work, Mr. Smith would have come under grid rule 202.09 or grid rule 202.10, depending on whether he was "[i]lliterate or unable to communicate in English" or "[a]t least literate and able to communicate in English." Having found that Mr. Smith could perform medium work, the ALJ did not need to make an explicit determination concerning the claimant's literacy; both literate and illiterate claimants who can perform medium work come under grid rule 203.18.
 
 
 14
 "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. Sec. 404.1567(c). The ALJ found "that on a sustained basis the claimant cannot lift more than twenty-five pounds frequently or 50 pounds at most." This finding was said to be "[b]ased on the medical evidence and on the claimant's testimony to the extent that it could be credited."
 
 
 15
 We have no quarrel with the ALJ's finding that Mr. Smith's testimony on the severity of his condition need not be fully credited. Mr. Smith's continued smoking, despite medical advice to the contrary, strongly suggests that his respiratory condition is not as severe as he claims. See Sias v. Secretary of HHS, --- F.2d ---- (6th Cir.1988) (per curiam).
 
 
 16
 The problem with the ALJ's finding, in our view, is the lack of objective medical evidence to support it. The ALJ's opinion cites very little medical evidence to support the finding that Mr. Smith can now perform medium work, and we find no support in the record for that finding. The record contains no evidence from which Mr. Smith's capacity to lift and carry specific weights can be determined. The ALJ quotes Dr. Dona's advice that Mr. Smith resume his "normal activities as tolerated," but that advice was given to Mr. Smith at a time when he was no longer working, and we have no way of knowing what activities could be "tolerated." Dr. Dona's advice cannot plausibly be interpreted as a recommendation that Smith return to lifting and carrying 25 or 50 or 100 pound weights.
 
 
 17
 The ALJ erroneously states that "all chest x-rays during Smith's first hospitalization are negative for lung disease of any type." An x-ray taken in September 1984 showed "chronic obstructive lung disease."
 
 
 18
 On remand, the Secretary is to arrange for a medical examination by a qualified consulting physician to determine the claimant's ability to lift and carry objects of various weights. If Mr. Smith's residual functional capacity is found to permit only light or sedentary work, it will be necessary to make an explicit factual finding concerning his educational level. See 20 C.F.R. Sec. 404.1564(b).
 
 
 19
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.